IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUINTON T. YOUNG, #1945329,    § | |
| PETITIONER,    § | |
| § | |
| v.    § | CIVIL CASE NO. 3:18-CV-2517-C-BK |
| § | |
| LORIE DAVIS, DIRECTOR,    § | |
| TEXAS DEPARTMENT OF CRIMINAL    § | |
| JUSTICE, CORRECTIONAL    § | |
| INSTITUTIONS DIVISION DIV.,    § | |
| RESPONDENT.    § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for pretrial management. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order.

**I. BACKGROUND**

On September 24, 2018, the Court issued a deficiency order, requiring Petitioner to pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* with a certificate of inmate trust account. Doc. 7. The deadline for Petitioner's response was October 22, 2018. As of the date of this recommendation, however, Petitioner has not responded to the Court's order, nor has he sought an extension of time to do so. He also has failed to advise the Court of his current address. Doc. 8.

**II. ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Petitioner has been given ample opportunity to respond to the Court's order. He has impliedly refused or declined to do so.

### III. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for want of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

The Clerk of the Court is directed to mail a copy of this *Magistrate Judge's Findings, Conclusions, and Recommendation* to Petitioner Quinton Travoitz Young, #1945329, at: (1) Estelle Unit, 264 FM 3478, Huntsville, TX 77320 <u>and</u> (2) Goree Unit, 7405 Highway 75 South, Huntsville, TX 77340.

**SO RECOMMENDED** on November 5, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] A review of the petition, Doc. 1, reflects that it was filed after the one-year limitations period expired. *See* 28 U.S.C. § 2244(d)

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).